HAWLEY & LETZERICH *v.* UNITED STATES (No. 3627)[1]

UnitedS tates Court of Customs and Patent Appeals, October 30, 1933

*James R. Ryan* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 12, 1933, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported certain paper at the port of Galveston, Tex., which was classified by the collector for duty under paragraph

---

[1] T.D. 46715.

1307 of the Tariff Act of 1922, which paragraph, so far as the same may be material, is as follows:

PAR. 1307. Writing, letter, note, drawing, handmade paper and paper commercially known as handmade paper and machine handmade paper, japan paper and imitation japan paper by whatever name known, Bristol board of the kinds made on a Fourdrinier machine, and ledger, bond, record, tablet, typewriter, manifold, and onionskin and imitation onionskin paper, calendered or uncalendered, weighing seven pounds or over per ream, and paper similar to any of the foregoing, 3 cents per pound and 15 per centum ad valorem; but if any of the foregoing is ruled, bordered, embossed, printed, lined, or decorated in any manner, other than by lithographic process, it shall pay 10 per centum ad valorem in addition to the foregoing rates: * * *

The importer protested, claiming the same to be dutiable under paragraph 1301 as printing paper not specially provided for, or, in the alternative, as paper not specially provided for under paragraph 1309 of said act. The trial court overruled the protest and the appellant has appealed.

The essential portions of said paragraphs 1301 and 1309 are as follows:

PAR. 1301. Printing paper, not specially provided for, one fourth of 1 cent per pound and 10 per centum ad valorem: * * *

PAR. 1309. * * * paper not specially provided for, 30 per centum ad valorem.

In the brief filed by appellant here the classification of the collector is attacked because of the failure of the collector to state the particular kind of paper which he found the imported paper to be. However, on the argument here, the importer concedes, through its counsel, that if the paper in question is properly described by any of the terms used in said paragraph 1307 and not otherwise more specifically described, then the imported paper was properly classified under said paragraph 1307.

The importer, however, contends that it has made a case by establishing that the paper was printing paper and not any of the papers described in said paragraph 1307. To support its claim the importer proved by the testimony of witnesses that the paper in question was bought and wholly used in the printing of a pamphlet called "The American", which consisted of a list of claims paid by an insurance company and which was issued as an advertisement.

The witness Wagner gave the only other testimony which throws any light upon the use of the paper. He stated that it was used in manufacturing pamphlets and various other things. When asked on cross-examination, "This merchandise at bar could be used for printing, writing, and for tablets?", he answered, "No, sir. I don't think so," and gave as his reason therefor: "The surface is not right." Thereupon the following question was asked and answered:

Mr. HAWLEY. Was this paper fit for any other use than the use to which you put it?

WITNESS. No, sir.

It is argued by counsel for the importer that this sufficiently establishes the claim of the importer for classification of this merchandise as printing paper under said paragraph 1301. If we assume that the evidence quoted is sufficient to establish that the paper in question is printing paper, it is certainly not to be contended that it establishes also that the paper is not any one of the papers enumerated in said paragraph 1307. A double burden rested upon the importer; first, to establish the correctness of his claim, and, secondly, to establish that the collector's classification was wrong. As the court below has stated, there is not a word in this record to indicate that the paper may not be one of the papers mentioned in said paragraph 1307, for it is obvious that a paper may be within the purview of said paragraph and still be a printing paper.

It will be observed that paragraph 1301 does not provide for *all* printing paper but only for such printing paper as is not otherwise specially provided for. Hence, to establish its claim, the importer must show that this imported paper is not provided for in said paragraph 1307, under which it was classified by the collector. This the importer has failed to do. Hence, the judgment of the trial court was properly rendered, and it is *affirmed.*